Case 27.—PROCEEDINGS TO PROBATE THE WILL OF JOHN McDONALD, TO WHICH JOE McDONALD AND OTHERS FILED OBJECTIONS.—March 25.

## McDonald's Ex'rs, &c. v. McDonald, &c.

Appeal from Woodford Circuit Court.

JAMES E. CANTRILL, Circuit Judge.

McDonald's Ex'rs, &c. v. McDonald, &c.

From a judgment denying probate the executors and others appeal. Affirmed.

### Wills—Testamentary Capacity—Aversion to Children.

1. Wills—Testamentary Capacity—It is as necessary in order to· have testamentary capacity for one to have such sensibilities as will enable him to know the obligations he owes to the natural objects of his bounty, as it is for him· to have the capacity to know the nature and value of his estate and a fixed purpose to dispose of it.

2. Fixed Purpose—Aversion to Children—Verdict of Jury—On the trial of a will contest, though the evidence showed that the testator had the mind to know his estate and the nature and value of it, but had a fixed purpose to give his children as little interest in it as possible, and that his aversion to his children was such that he did not know the obligation he was under to them, there was abundant evidence tending to show a lack of testamentary capacity to justify the court in submitting the case to ·the jury, and a verdict of the jury against the will is not flagrantly against the weight of the evidence.

W. O. DAVIS and FIELD McLEOD· for appellants.·

HARRY A. SCHOBERTH, Gd'n ad litem for infant appellants.

1. There is not a scintilla of evidence tending to show, a lack of testamentary capacity in testator, and a peremptory instruction should have been given.

2. The verdict of the jury was flagrantly against the evidence.

3. The instructions given were erroneous and misleading.

CLASSIFICATION AND AUTHORITIES BY APPELLANT.

STATEMENT.

Moore v. Howe, 4 Mon., 201.

INSANE AVERSION.

(a) Alleged failure to render children financial aid.

(b) Alleged mistreatment of his children.

(c) Objection of testator to marriage of his children. (Prather v. McClelland, 76 Tex., 574; Rush v. McGee, 36 Ind., 69; Potter v. McAlpin, 3 Dem., 108; Middledich v. Williams, 4 L. R. A., 338; Appeal of Kimberly, 37 L. R. A., 282; Layer v. Layer, 22 Ky. Law Rep., 1940; Am. Seaman Society v. Hopper, 33 N. Y., 624; Guiteau's Case, 10 Fed. Rep., 161; Phillips v. Chater, 1 Dem., 533; Stackhouse v. Horton, 15 N. J., Eq., 202; Mullins·v. Cottrell, 41· Miss.,

McDonald's Ex'rs, &c. v. McDonald, &c.

291; Schneider v. Manning, 121 Ill., 376; Carter v. Dixon, 69 Ga., 82; Frowert's Estate, 2 W. N. C., 558; Barnes v. Barnes, 66 Me., 286; Am. & Eng. Enc. Law, vol. 25, p. 983; Sherley v. Sherley, 81 Ky., 240.)

### TESTAMENTARY CAPACITY.

Howard v. Coke, 7 B. M., 658; Wise v. Foote, 81 Ky., 15; Geo. Weir's Will, 9 Dana, 440; Am. & Eng. Enc. Law (1st Ed.), vol. 25, p. 970; Redf. on Wills, vol. 1, p. 129; Schooler on Wills (2d Ed.), sec. 68.

### AUTHORITIES CITED BY GUARDIAN AD LITEM.

Moore's Trustees v. Howe's Heirs, 4 Monroe, 201; Herbert v. Long, 15 Ky. Law Rep., 427; Ellis v. Ellis, 20 Ky. Law Rep., 438; 5 West. Rep., 695; Potts v. Jones, 12 L. R. A., 162; Williams v. Williams, 11 Ky. Law Rep., 828, 90 Ky., 28; Hoerth v. Zable, 13 Ky. Law Rep., 202; Sanders' Ex'or v. Blakely, 21 Ky. Law Rep., 1321, 118 Ill., 199; 5 West. Rep., 695, 6 L. R. A., 167; Warren's Devisees v. O'Connell, 23 Ky. Law. Rep., 262, Kerr v. Lunsford, 2 L. R. A., 677, note 5; Kerr v. Lunsford, 2 L. R. A., 670.

T. L. EDELEN for appellees.

D. T. EDMONDS, of counsel.

### POINTS AND CITATIONS.

1. There is abundant evidence in the record of the morbid antipathy of the testator towards his children which demonstrates his utter lack of appreciation of his moral obligation to them as the natural objects of his bounty.

2. The will creates a gross inequality among the testator's children in favor of the child-bearing as against the childless. This gross inequality is evidence of testamentary incapacity. (Smith, &c. v. Kelly, &c., 2 Bush, 557; Kevil v. Kevil, 2 Bush, 614; Broaddus v. Broaddus, 10 Bush, 299.)

3. In order to constitute testamentary capacity, there must be, first, intellectual soundness; second, such a measure of sensibility as recognizes the testator's moral obligations to the natural objects of his bounty, and third, sufficient will power to track the testator's purpose in the redemption of these moral obligations. (Tudor v. Tudor, 17 B. Mon., 383; Phillips' Ex'r v. Phillips' Adm'r, 81 Ky., ——; Wise, &c. v. Foote, &c., 81 Ky., 10.)

4. It is well settled that opinions of non-expert witnesses is competent evidence where the facts upon which the opinions are based are also given. (Newcomb will case, 96 Ky., ——.)

5. The instruction upon the subject of testamentary capacity

tracked in totidem verbis the instruction approved by this court in the maturely considered Woodford will case. (Woodford v. Buckner, 23 Ky. Law Rep., 627.)

6. The verdict of a will case is like the verdict in any other case, and this court will not direct the verdict. (Wall v. Dimmitt, 24 Ky. Law Rep., 1749.)

## AUTHORITIES CITED BY D. T. EDWARDS.

Layer v. Layer, 22 Ky. Law Rep., 1938; Bramel v. Bramel, 18 Ky. Law Rep., 1074; Johnson v. Stivers, 95 Ky., 128; Ky. Stats., sec. 4850; Tudor v. Tudor, 17 B. Monroe, 395; Thompson v. Thompson, 17 B. M., 29; Dallam v. Handley, 2 Mar., 424; United Society of Shakers v. Underwood, 11 Bush, 276; Stephens v. Brooks, 2 Bush, 137; Shay v. Turnpike Co., 1 Bush, 109; Frye v. Jones, 95 Ky., 150; Hudson v. Adams, 20 Ky. Law Rep., 1268; Aetna Life Ins. Co. v. Kaiser, 24 Ky. Law Rep., 2454; Griel v. Marks, 51 Ala., 566; State v. Gibbons, 10 Ia., 117; Kandall v. Brown, 74 Ill., 232; Jones v. C. & N. W. R. Co., 49 Wis., 352; Peona Ins. Co. v. Arrapow, 45 Ill., 87; Flournoy v. Andrews, 5 Mo., 513; Camp v. Phillips, 42 Ga., 289; C. & W. I. R. R. Co. v. Bingenheimer, 116 Ill., 226; Civil Code, sec. 340, sub-sec. 8; Redfield on Wills, 546; 13 Bush, 168 and 652; 14 B. Monroe, 386; May v. Bradley, 127 Mass., 414; Canada's App., 47 Conn., 450; Griffiths v. Diffendeorfer, 50 Md., 466; Dennis v. Weeks, 51 Ga., 24; Rendalls v. Adams, 90 Ill., 134; Todd v. Fenton, 66 Ind., 25; Convey's Will, 52 Iowa, 197; Mueller v. The Association, 5 Mo. App., 390; Mooney v. Olson, 22 Kan., 69; Haynes v. Hayden, 35 Am. St. Rep., 566; Terry v. Buffin, 11 Ga., 337; 52 Am. Dec., 168; 56 Am. Dec., 423; Irish v. Smith, 11 Am. Dec., 648; Davis v. Calvert, 25 Am. Dec., 282; 2 Wharton on Ev., secs. 1010, 1011; Jones on Ev. Secs. 492-3; Hess' Will, 31 Am. St. Rep., 690; Bigelow's Notes to Jarman on Wills, 71; Underhill on Wills, sec. 161; Williams on Ex'rs, 1st Ed., 33 and 64; Goodbar v. Lidky, 43 Am. St. Rep., 301; Milton v. Hunter, 76 Ky., 168; Wall v. Dimmitt, 24 Rep., 1751; Williams' Ex'r v. Williams, 90 Ky., 33; Kimberley's Appeal, 37 L. R. A., 261; Greenwood v. Greenwood, 3 Curt; Eccl. Rep., 337; Brenton's Estate, 13 Phila., 234; Am. Bible Soc. v. Price, 115 Ill., 623; Smee v. Smee, L. R., 5 Prob. Div., 84; 49 L. J. Prob. N. S., 8; 28 Week Rep., 703; 44 P. J. 220; Nichols v. Binns, 1 Snob & T. 239; Morse v. Scott, 4 Demm., 507; In re Shaw, 2 Redf., 107; Thomas v. Carter, 170 Pa., 272; Jencher v. Smithfill, Court of Probate, 2 R. I., 255; Brown v. Ward, 53 Md., 376; 36 Am. Rep., 422; Fray v. Gusha, 59 Vt., 257; Matter of Dorman, 5 Dem. (N. Y.), 112; 1 Jarmen on Wills, pp. 100, 113; Insanity in its Ledico Legal Relations, 10; Waring v. Waring, 6 Thornton's Note, 388; McTagger v. Thompson, 14 Pa. St., 149; Rambler v. Tryon, 7 Serg. & R., 90; Converse v. Converse, 21 Vt., 168; Flood on Wills, 389; Trumbull

v. Gibbons, 2 Zab., 117; Townsend v. Townsend, 7 Gill, 10; Seamen's Friend Soc. v. Hopper, 33 N. Y., 619; Potts v. House, 6 Ga., 324; 50 Am. Dec., 353; Lucas v. Parsons, 27 Ga., 593; Denson v. Beazley, 34 Tex., 191; Banks v. Goodfellow, L. R. S. Q. B., 549, 560; Boyd v. Eby, 8 Watts, 66, 70, 71, 72; Stevens v. Vancleve, 4 Wash C. C., 262, 267; Harrison v. Rowan, 3 Wash. C. C., 580, 585; Den v. Vancleve, 2 South, 589, 660; Kachline v. Clark, 4 Whart., 316; Tawney v. Long, 76 Pa. St., 106; Cordrey v. Cordrey, 1 Houst., 269; Home v. Home, 9 Ired, 99; Stancell v. Kenan, 33 Ga., 56; Hathom v. King, 8 Mass., 371; Sloan v. Maxwell, 2 Gr. Ch. (N. J.), 563; Jamison v. Jamison, 3 Houst., 108; Benoist v. Murrin, 58 Mo., 307; Spoonemore v. Cables, 66 Id., 579; Taylor v. Trich, 165 Pa. St., 586; 44 Am. St. Rep., 679; Cassidy on Wills, 467; Dew v. Clark, 3 Adams, 97; 1 Hag. Ec., 311; 1 Wharton & Stiller Med. Jurisp., secs. 43, 45, 48, 60; 1 Redfield on Wills, 70; Florey's Ex'r v. Florey, 24 Ala., 241; Ballantine v. Proudfoot, 62 Wis., 216; Johnson v. Moore's Heirs, 1 Lit., 372; Singleton's Will, 8 Dana, 315; Broadus' Devisees v. Broadus' Heirs, 10 Bush, 301; Bush v. Lisle, 89 Ky., 395; Sanders' Ex'r v. Blakely, &c., 21 Ky. Law Rep., 1321; Rigg v. Wilton, 13 Ill., 15; Minard v. Minard, Prayt., 231; White v. Helmes, 1 McCord, 430; Wise v. Foots, 81 Ky., 12; Grant v. Thompson, 4 Conn., 203; Roberts v. Trawick, 52 Am. Dec., 168; Note; 3 Bibb, 313; 3 Marsh., 397; 1 J. J. Marsh., 6; 2 J. J. Marsh., 310; 8 Dana, 320; White v. Cole, 20 Ky. Law Rep., 859; Robertson v. Carrico, 11 Ky. Law Rep., 441; Newcomb v. Newcomb, 16 Ky. Law Rep., 379; Lischy v. Schrader, 20 Ky. Law Rep., 847; Porter v. Langhorn, 2 Bibb, 64; Maxwell v. McIlvay, 2 Bibb, 211; McKinney v. McConnell, 1 Bibb, 241; 3 Litt., 14 and 169 and 189; 1 Mon., 262; 1 Bibb, 303; Carlin v. Baird, 11 Ky. Law Rep., 933.

OPINION BY JUDGE PAYNTER—Affirming.

This appeal results from a contest over the will of John McDonald. He left six children—three sons and three daughters—and the children of Mrs. Davis, a deceased daughter. His will provides for the distribution of his estate into seven parts. Each of his children takes one part, and the children of the deceased daughter one part. The children were not given feesimple titles to the interest devised to them, but only a life estate. They were given no more freedom in the use of the life estates than that afforded by law. Some of those taking life estates had children, and some did

not have; and, if any died without children, the parts devised went back to the estate. A trial resulted in a verdict for the contestants. A reversal is asked upon the following grounds: (1) That there was no evidence tending to show a want of testamentary capacity; (2) that the verdict of the jury was flagrantly against the weight of the evidence; (3) that the instruction given was erroneous and misleading.

The testimony is volumious, and we will therefore only state in brief some of the evidence introduced by the contestants which tended to show a lack of testamentary capacity: The testator accumulated a large estate. Early in life he developed a great desire to make and save money. He was grasping and miserly, and evidently cared more for money than he did for his family. If the testimony of the contestants is to be believed, he had no genuine affection for his family, and not the proper conception of his duty to them. There is evidence tending to show that he did not want his wife and children to have any of his estate —as he expressed it, he did not want them to have a "damn dollar;" that he would like to leave it in debt, so that it would take the rents of the land 30 or 40 years to pay it; that, if he knew the day he was going to die, he would buy land so it would take that period of time for the rents to pay for it; that he wanted to leave it in such a way that the children would have to work like dogs to get a living out of it. While he seemed to express a pride in the good looks of one of his daughters, yet he only allowed her $70 to clothe her and to pay the other expenses incident to her social position. His daughter, Mrs. Davis, married contrary to his wishes. She lived away from home. Sometimes she would return home with her children, and he would tell her to take her children out of his sight and return home with them. He lived in a com-

fortable house, and on one occasion when one of his
sons returned home, sick, he put him in a cabin on his
place, which had been occupied as a residence by
negroes. ·When one of his married daughters visited
his house upon one occasion, her mother had to slip
coal to. the daughter's room to make it comfortable.
When his daughter, Mrs. Davis, died in Lexington, he
refused to go where her body was, though he went to
the funeral and sat in the back part of the church.
One witness testified that he said concerning his de-
ceased daughter, Mrs. Davis, ''She is dead now, and,
I hope, in hell." One of Mrs. Davis' sons was ill, and
an operation was necessary to save his life. A doctor
offered to perform the operation free, if the testator
would pay the hospital fee. He said he had nothing
to do with it; "Damn him! let him die." He said
on one occasion that, if he could take his property with
him, he could die happy. In speaking of one of his sons,
he said that he was ''a thieving son of a b—,'' and was
robbing him of his wheat. There was much testimony
offered by the contestants tending to show that the
testator did not know the obligations he owed to his
children. He unquesionably had the mind to know
his estate, and the nature and value of it. He seems to
have had a fixed purpose as to the disposition of his es-
tate, and that purpose was to give his children as little
interest in it as possible. The contest was waged
upon the ground that his aversion to his children was
such that he did not know the obligations he was under
to them. It is as necessary, in order to have- testa-
mentary capacity, for one to have such sensibilities as
will enable him to know the obligations he owes to
the natural objects of his bounty, as it is for him to
have the capacity to know the nature and value of his
estate, and a fixed purpose to dispose of it. (Mur-
phy's Ex'r v. Murphy, 65 S. W., 165, 23 Ky. Law Rep.,

1460; Wise, &c. v. Foote, &c., 81 Ky., 10, 4 Ky. Law Rep., 643; Woodford v. Buckner, &c., 111 Ky., 241, 63 S. W., 617, 23 Ky. Law Rep., 627.) We are of the opinion that there was abundant evidence tending to show a lack of testamentary capacity to justify the court in submitting the case to the jury. We do not think the verdict of the jury is flagrantly against the weight of the evidence.

The instruction defining "testamentary capacity" is substantially the same as was given in the case of Woodford v. Buckner, etc., and, in our opinion, was a proper definition of "testamentary capacity."

The judgment is affirmed.